Casey G. Watkins (# 060122014)
Richard W. Miller (*pro have vice* admission pending)
Lynn E. Rzonca (*pro have vice* admission pending)
**BALLARD SPAHR LLP**
**A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP**
210 Lake Drive East, Suite 200
Cherry Hill, NJ  08002-1163
Telephone: 856.761.3400
Facsimile: 856.761.1020

*Attorneys for Defendant, Atlantic City Electric Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SYMBOLY INNOVATIONS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ATLANTIC CITY ELECTRIC COMPANY,**<br><br>Defendant. | CIVIL ACTION NO. 2:17-CV-02076-CCC-JBC<br><br>**DEFENDANT ATLANTIC CITY ELECTRIC COMPANY'S ANSWER TO PLAINTIFF SYMBOLOGY INNOVATIONS, LLC'S COMPLAINT FOR ALLEGED INFRINGEMENT OF PATENT AND COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 13** |

Defendant Atlantic City Electric Company ("Atlantic City Electric"), by and through its attorneys, for its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Symbology Innovations, LLC's ("Symbology") Complaint, states as follows:

## NATURE OF THE ACTION

1. Atlantic City Electric admits that the Complaint purports to state claims against Atlantic City Electric under the patent laws of the United States, Title 35 of the United States Code regarding the alleged infringement of U.S. Patent Nos. 8,424,752 ("the '752 Patent"); 8,651,369 ("the '369 Patent"); 8,936,190 ("the '190 Patent"); and 7,992,773 ("the '773

Patent") (collectively, "the Patents-in-Suit"), but denies the legal sufficiency of Symbology's claims and allegations. Atlantic City Electric admits that Symbology seeks injunctive relief as well as damages, attorney fees, and costs, but denies the legal sufficiency of Symbology's alleged entitlement to such relief.

## THE PARTIES

2. Atlantic City Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

3. Admitted.

## JURISDICTION AND VENUE

4. Atlantic City Electric admits that this Court has subject matter jurisdiction over this case. Any remaining allegations in this Paragraph are legal conclusions to which Atlantic City Electric is not required to respond. To the extent this Paragraph includes allegations to which a response is required, Atlantic City Electric denies those allegations.

5. Atlantic City Electric admits that this Court has personal jurisdiction over Atlantic City Electric. Atlantic City Electric denies any remaining allegations of this Paragraph.

6. Atlantic City Electric admits that this Court has personal jurisdiction over Atlantic City Electric. Atlantic City Electric denies any remaining allegations of this Paragraph.

7. Denied.

8. Denied.

9. Denied.

10. Atlantic City Electric admits that venue is proper in this judicial district. Any remaining allegations in this Paragraph are legal conclusions to which Atlantic City Electric is not required to respond. To the extent this Paragraph includes allegations to which a response is required, Atlantic City Electric denies those allegations.

## FACTUAL ALLEGATIONS

### ('752 Patent)

11. Denied.

12. Atlantic City Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

13. Denied.

14. Denied.

### ('369 Patent)

15. Denied.

16. Atlantic City Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

17. Denied.

18. Denied.

### ('190 Patent)

19. Denied.

20. Atlantic City Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

21. Denied.

22. Denied.

### ('773 Patent)

23. Denied.

24. Atlantic City Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

25. Denied.

26. Denied.

## COUNT I
### Alleged Infringement of the '752 Patent

27. Atlantic City Electric repeats and incorporates by reference its responses to the allegations of Paragraphs 1 through 26 of the Complaint.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT II
### Alleged Infringement of the '369 Patent

41. Atlantic City Electric repeats and incorporates by reference its responses to the allegations of Paragraphs 1 through 40 of the Complaint.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

### COUNT III
### Alleged Infringement of the '190 Patent

55. Atlantic City Electric repeats and incorporates by reference its responses to the allegations of Paragraphs 1 through 54 of the Complaint.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## COUNT IV
## Alleged Infringement of the '773 Patent

69. Atlantic City Electric repeats and incorporates by reference its responses to the allegations of Paragraphs 1 through 68 of the Complaint.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## DEMAND FOR JURY TRIAL

84. Atlantic City Electric admits that Symbology demands a trial by jury on all issues so triable. Atlantic City Electric likewise requests a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Atlantic City Electric denies that Symbology is entitled to any of the relief sought in its Prayer for Relief, including subparts (a)-(f).

## AFFIRMATIVE DEFENSES

Atlantic City Electric asserts the following affirmative defenses to Symbology's claims. The assertion of an affirmative defense is not a concession that Atlantic City Electric has the burden of proving the matter asserted.

### FIRST AFFIRMATIVE DEFENSE

Symbology's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Atlantic City Electric does not infringe and has not infringed any valid and enforceable claim of the Patents-in-Suit literally, under the doctrine of equivalents, or under any other grounds that Symbology may assert.

### THIRD AFFIRMATIVE DEFENSE

The claims of the Patents-in-Suit are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

Any claim by Symbology for damages is limited under 35 U.S.C. §§ 286, 287, and/or 288. Symbology is barred under 35 U.S.C. § 286 from recovering damages for acts occurring more than six years prior to the date of the filing of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Symbology's claim of infringement with respect to the Patents-in-Suit is barred, in whole or in part, by the doctrine of prosecution history estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Symbology's claim of infringement with respect to the Patents-in-Suit is barred, in whole or in part, by the doctrines of estoppel, implied license, and/or waiver.

## COUNTERCLAIMS

Defendant Atlantic City Electric, by and through its attorneys, hereby counterclaims as follows against Symbology Innovations, LLC ("Symbology"):

### NATURE AND BASIS OF ACTION

1. The Counterclaims seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Atlantic City Electric does not infringe any valid, enforceable claim of U.S. Patent Nos. 8,424,752 ("the '752 Patent"); 8,651,369 ("the '369 Patent"); 8,936,190 ("the '190 Patent"); and 7,992,773 ("the '773 Patent") (collectively, "the Patents-in-Suit"), and that the Patents-in-Suit are invalid.

### THE PARTIES

2. Atlantic City Electric is a New Jersey corporation with its principal place of business at 5100 Harding Highway, Mays Landing, NJ 08330.

3. According to Paragraph 2 of Symbology's Complaint, Symbology is a Texas corporation with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, in that this case arises under the United States Patent Act, 35 U.S.C. § 1 *et seq*.

5. This Court has personal jurisdiction over Symbology because Symbology has submitted to the jurisdiction of this Court by bringing the instant action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT ONE
## DECLARATION OF NON-INFRINGEMENT OF THE PATENTS-IN-SUIT

7. Atlantic City Electric hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 6 above as if fully set forth herein.

8. By virtue of Symbology's filing of the Complaint herein, an actual controversy exists between Atlantic City Electric and Symbology with respect to Atlantic City Electric's alleged infringement of the Patents-in-Suit.

9. Atlantic City Electric has not infringed any valid claim of the Patents-in-Suit literally, under the doctrine of equivalents, or under any other grounds that Symbology may assert.

10. As a result of Symbology's lawsuit against Atlantic City Electric, the present dispute has sufficient immediacy and reality to require declaratory judgment.

11. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Atlantic City Electric is entitled to a declaration that Atlantic City Electric has not infringed and does not infringe the Patents-in-Suit.

## COUNT TWO
## DECLARATION OF INVALIDITY OF THE PATENTS-IN-SUIT

12. Atlantic City Electric hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 11 above as if fully set forth herein.

13. By virtue of Symbology's filing of the Complaint herein, an actual controversy exists between Atlantic City Electric and Symbology with respect to the validity of the Patents-in-Suit.

14. One or more claims of the Patents-in-Suit are invalid or void for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. As a result of Symbology's lawsuit against Atlantic City Electric, the present dispute has sufficient immediacy and reality to require declaratory judgment.

16. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Atlantic City Electric is entitled to a declaration that the Patents-in-Suit are invalid.

## RESERVATION OF RIGHTS

Atlantic City Electric reserves the right to add any additional defenses or counterclaims that discovery might reveal.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and defended, Atlantic City Electric prays that:

(1) Symbology take nothing by its Complaint;

(2) Symbology's Complaint be dismissed in its entirety with prejudice and judgment be entered for Atlantic City Electric and against Symbology on each and every count of the Complaint;

(3) The Court enter a declaratory judgment that Atlantic City Electric does not infringe any valid claim of the Patents-in-Suit literally, directly, under the doctrine of equivalents, or under any other grounds that Symbology may assert;

(4) The Court enter a declaratory judgment that the Patents-in-Suit are invalid;

(5) The Court enter a declaratory judgment that the Patents-in-Suit are unenforceable;

(6) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Atlantic City Electric its reasonable attorney fees in this action;

(7) All costs be taxed against Symbology; and

(8) Atlantic City Electric be granted such other different and additional relief as this Court deems just and proper.

Respectfully submitted, this 26th day of June, 2017.

By:     */s/ Casey G. Watkins*

Casey G. Watkins (#060122014)
watkinsc@ballardspahr.com
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
Telephone: 856-761-3400
Facsimile: 856-761-1020

Richard W. Miller (*pro hac vice* admission pending)
millerrw@ballardspahr.com
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-3915
Telephone: 678-420-9300
Facsimile: 678-420-9301

Lynn E. Rzonca (*pro hac vice* admission pending)
rzoncal@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-665-8500
Facsimile: 215-864-8999

*Counsel for Defendant*
*Atlantic City Electric Company*